[No. 8576.]

## QUINN V. THE PEOPLE.

1. CRIMINAL LAW—*Trial—Remarks of the Court,* in discharging the jury in another case, *held* not prejudicial to the accused. (218.)

2. —— *Misconduct of District Attorney.* Statements made by the District Attorney in his address to the jury, assigned as error. The court were unable to say upon the record that the prisoner was prejudiced. (219.)

The rule that the prosecuting officer should exercise great caution to avoid, in an excess of zeal, any invasion of the rights of the accused, reiterated. (219.)

3. NEW TRIAL—*Affidavit of Witness.* Motion for a new trial based upon the affidavit of a witness examined for the people, in which she qualified, and in some respects contradicted her testimony given upon the trial. *Held* properly denied. (219.)

*Error to Denver District Court.* Hon. JOHN A. PERRY, Judge.

*En banc.*

Mr. FRANH J. MANNIX, Mr. FRAZER ARNOLD, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. RALPH E. C. KERWIN, Assistant Attorney General, for The People.

Opinion by TELLER, J.

The plaintiff in error was convicted of murder in the first degree, and sentenced to death.

Of the several errors assigned only three are argued by counsel for the plaintiff in error, viz.: (1) That the court made remarks in excusing certain jurors which tended to

prejudice the jury against the defendant; (2) that the District Attorney was guilty of misconduct in his address to the jury, and (3) that the motion for a new trial was improperly overruled.

The language of the court and of the District Attorney, to which objection is made, is preserved in the record only through the affidavits filed on the motion for a new trial, and we are not given the aid of the context in determining what the natural effect of the remarks was.

The affidavit of plaintiff in error avers that the court said he thanked the jurors in the Freeze case for their services and not for their verdict. It is urged that inasmuch as Freeze had been convicted of murder in the first degree, and his punishment fixed at life imprisonment, the jury may have understood that the court was dissatisfied with the verdict because it did not prescribe the penalty of death.

If, however, the jury drew any inference as to the court's views of the verdict, it might as well have been that he was dissatisfied with the verdict because it found the accused guilty at all.

The joint affidavit of the District Attorney and his deputy states that the court said that he wanted the jury to understand that in thanking the juror he was thanking him for the service he had rendered to the public in giving his time, "not for the verdict he has rendered; that is a matter of entire indifference to the court."

It can hardly be seriously contended that this remark would influence a juror, and the assignment of error on it must be held not well taken.

As to the conduct of the District Attorney it is said that he exceeded the limits of propriety in his argument to the jury, in that he commented upon other cases tried in this jurisdiction, and that he asserted that the defendant had been stealing for a living.

The District Attorney alleges that he referred only to the Freeze case, and that was in reply to statements made in

reference thereto by defendant's counsel in his argument to the jury.

To the second charge the District Attorney enters a denial in his affidavit, and avers that he said "that the evidence disclosed that defendant had burglarized a saloon, and the defendant had killed the deceased out of revenge for tipping him off to the police."

While adhering to the rule, many times laid down by this court, that District Attorneys should exercise great caution that they do not, in an excess of zeal, invade the rights of the accused, we are unable upon this record to say that the plaintiff in error was prejudiced by the acts of the District Attorney of which complaint is made.

The motion for a reconsideration of the motion for a new trial was based principally upon an affidavit of Mrs. Herbertson, widow of the man killed, in which she made some statements contrary to her testimony on the trial. That testimony was to the effect that her husband jumped up with his right hand on the arm of the chair when the gun was pointed at him; that he was shot while running from the room.

In her affidavit she averred that the deceased had frequently told her he would kill the defendant, and, that she had communicated such threats to the defendant; and, further, that when her husband jumped up from the chair, at the time of the homicide, his right hand was in such a position that she could not tell where it was.

She also averred that her testimony on the trial was due to fear of her husband's brothers; while on the trial she testified that she feared the defendant would kill her.

Under these circumstances there was no error in overruling both the motion for a new trial, and the motion to reconsider it.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

It is further ordered that the judgment be executed during the week ending January twenty-ninth, nineteen hundred sixteen.